Diaz v Alian (2025 NY Slip Op 50626(U))

[*1]

Diaz v Alian

2025 NY Slip Op 50626(U)

Decided on April 10, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 10, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., GRETCHEN WALSH, JOSEPH R. CONWAY, JJ

2023-1106 N C

Lauren Diaz, Respondent,
against
Esther Alian, Appellant. 

Esther Alian, appellant pro se.
Lauren Diaz, respondent pro se.

Appeal from a judgment of the City Court of Long Beach, Nassau County (Corey E. Klein, J.), entered September 26, 2023. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $4,000 and dismissed defendant's counterclaim.

ORDERED that the judgment is modified by vacating so much thereof as awarded plaintiff the principal sum of $4,000; as so modified, the judgment is affirmed, without costs, and the matter is remitted to the City Court for a new trial upon plaintiff's cause of action.
Plaintiff commenced this small claims action to recover the sum of $4,000 which she had paid to defendant as progress payments with respect to work performed in plaintiff's house pursuant to a home improvement contract. Defendant counterclaimed to recover the balance of the contract price as well as for various other expenses. Following a nonjury trial, the City Court (Corey E. Klein, J.) awarded plaintiff the principal sum of $4,000 and dismissed defendant's counterclaim, stating that it was required to do so because defendant was an unlicensed home improvement contractor and, thus, was not entitled to receive any money from plaintiff.
In a small claims action, this court's review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UCCA 1807; see UCCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]).
Although defendant, a home improvement contractor, did not possess a Nassau County home improvement license, that fact, standing alone, does not entitle a homeowner, such as [*2]plaintiff, to recover sums already paid to that contractor (see Segrete v Zimmerman, 67 AD2d 999 [1979]; Krasnoff v J. Tuman Assoc., Inc., 63 Misc 3d 148[A], 2019 NY Slip Op 50703[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]; Cavalluzzi v Byrne, 29 Misc 3d 144[A], 2010 NY Slip Op 52219[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2010]). As a result, the award to plaintiff of $4,000 on that ground did not render substantial justice between the parties (see UCCA 1804, 1807). Consequently, the matter must be remitted for a new trial upon plaintiff's cause of action seeking to recover the $4,000 she had paid to defendant.
By contrast, the court correctly found that defendant was not entitled to recover upon her counterclaim to recover for work done to plaintiff's bathroom in Nassau County, as there was no showing at trial of proper licensing (see CPLR 3015 [e]; UCCA 1804; Nassau County Administrative Code §§ 21-11.2; 21-11.1 [3]; Cooper v White, 64 Misc 3d 127[A], 2019 NY Slip Op 50982[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2019]; Colorito v Crown Heating & Cooling, Inc., 6 Misc 3d 131[A], 2005 NY Slip Op 50082[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2005]; see also B & F Bldg. Corp. v Liebig, 76 NY2d 689 [1990]). While we do not consider any contention which was improperly raised for the first time on appeal regarding licensure to perform home improvement work within Nassau County, we note that the proof of licensing which defendant is now attempting to introduce concerns a licensure of a home improvement contracting entity in New York City. Consequently, the court's dismissal of defendant's counterclaim rendered substantial justice according to the rules and principles of substantive law (see UCCA 1804, 1807).
Accordingly, the judgment is modified by vacating so much thereof as awarded plaintiff the principal sum of $4,000, and the matter is remitted to the City Court for a new trial upon plaintiff's cause of action.
GARGUILO, P.J., WALSH and CONWAY, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 10, 2025